IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40344
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSUE GUZMAN-GUTIERREZ,
also known as Josque Guzman-Gutierrez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-825-ALL
--------------------
September 24, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Josue Guzman-Gutierrez appeals his sentence with respect to the imposition of a three-year term of supervised release following his plea of guilty to a charge of being found in the United States after deportation, a violation of 8 U.S.C. § 1326. He contends that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guzman-Gutierrez acknowledges that his argument was rejected by the Supreme Court's decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000). This argument is foreclosed because <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90, 496; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 1214 (2001).

Guzman-Gutierrez also argues that the district court committed error during the plea colloquy by advising him that he was subject to a maximum of one year of supervised release. Guzman-Gutierrez does not seek to withdraw his plea, but he wants his sentence reformed to reflect one year of supervised release. The Government concedes the error and also urges the court to reform the judgment of conviction. <u>See</u> <u>United States v. Glinsey</u>, 209 F.3d 386, 394-96 (5th Cir.) <u>cert. denied</u>, 531 U.S. 919, 394 (2000).

Guzman-Gutierrez's term of supervised release is MODIFIED to one year. The conviction and sentence are AFFIRMED AS MODIFIED.